UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE M. TESCH,
On Behalf of Herself
and All Others Similarly Situated

Plaintiff,

-vs-                                                         Case No. 16-
                                                             HON.
                                                             PROPOSED CLASS ACTION

LEIKIN, INGBER & WINTERS, P.C.

Defendant.
_____/
LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
2000 Town Center, #1900
Southfield, MI 48075
(248) 642-6268
(248) 659-1733 (EFAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff CHRISTINE M. TESCH ("TESCH") on behalf of herself and by and through counsel, The Law Offices of Brian Parker, PC, brings this AMENDED action against the above listed Defendants, LEIKIN, INGBER & WINTERS, PC (LIW), on the grounds set forth herein:

### I.   PRELIMINARY STATEMENT

1.   Plaintiff, CHRISTINE M. TESCH ("TESCH") on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the

Defendant LIW, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. Defendant LIW has crafted a letter that *eliminates* notice to the Michigan Consumer that any dispute made under 15 U.S.C. Sec. 1692g(a)(4), or demand for verification of the debt, *must be in writing* under the FDCPA. In hiding the writing requirement from the consumer, the letter also eliminates the requirement of the FDCPA that Defendant LIW, upon receiving the notice of dispute and verification in writing from a consumer, a debt collector must cease collection activities until it provides the verification of the debt.

3. The Plaintiff alleges that LIW's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692 *et seq.* ("FDCPA"), and Michigan Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq.*

4. The Michigan Collection Practices Act (MCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

5. "Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes..

6. "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which

activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

7. "Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

8. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. Sec. 1692(a) – (g).

9. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon

the showing of one violation. Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

10. Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

11. Applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test."

12. The validation notice may not be either "overshadowed" or contradicted by other language or material in the original or subsequent collection letters sent within 30 days after receipt of the first one. *Swanson v. Southern Oregon Credit Service, Inc.*, supra, 869 F.2d 1222 (9th Cir. 1988); *Harris v. Payco General American Credits, Inc.*, 98 C 4245, 1998 U.S.Dist. LEXIS 20153 (N.D. Ill. Dec. 9, 1998)."A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.*, 74

F.3d 30 (2d Cir. 1996).

13. To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets forth requirements for written notice of dispute and validation rights to a consumer. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16).

14. Plaintiff TESCH is a natural person residing in Wayne County, Michigan. Ms. Tesch is a "consumer" and "person" as the terms are defined and used in the FDCPA.

15. Defendant LIW, is a Michigan professional corporation, doing business at 3000 Town Center, Southfield, MI 48075. LIW uses interstate commerce and the mails in a business principal purpose of which is the collection of debts. LIW regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. LIW is a "debt collector" as the term is defined and/or used in the FDCPA. LIW is a "regulated agency" and a "licensee" as the terms are defined and/or used in the RCPA.

## II.   JURISDICTION

16. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here, the plaintiff resides here, and the defendants transact business here.

## III.   LAW CONCERNING 15 U.S.C. § 1692g

17. The FDCPA, 15 U.S.C. §1692g(a) provides that:

**Notice of debt; Contents.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

*(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

17. Numerous courts have recognized that the FDCPA's purpose - to eliminate abusive debt collection practices - would be undermined if subsequent debt collectors were excused from complying with the requirements contained in section 1692g. *Wright v. Ocwen Loan Servicing, LLC*, 12-14762, 2013 WL 5532687, at 4-5 (E.D.Mich. Oct.7, 2013), See, also *Lewis v. Nationstar Mortgage, F*.Supp.2d —, 13-11693, 2014 WL 1089557, at 7-10 (E.D.Mich. March 18, 2014).

18. Subsection (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification. Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor. Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. *Graziano v. Harrison, 950 F. 2d 107 - Court of Appeals, 3rd Circuit 1991*.

19. When interpreting the FDCPA, we begin with the language of the statute itself, see *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980), since the intent of Congress is "best determined by the statutory language it chooses." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 495 n.13 (1985). *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

20. The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983).

21. The FDCPA states in part, "Its purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

## IV. POLICIES AND PRACTICES COMPLAINED OF

22. It is Defendant's policy and practice to send initial written collection communications for its Creditor clients, in the form attached as **Exhibit 1** without the requirement that the debtor must dispute or seek verification of the debt *in writing* so that Defendant can avoid the cost of validating the debt and eliminating the FDCPA's requirement at Sec. 1692g(b) that the debt collector must cease collection efforts until the debt collector has verified the debt

23. In violation of 15 U.S.C. Sec. 1692(e), Defendants, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

24. The acts and omissions of Defendants done in connection with efforts to collect the alleged debts from Ms. Tesch and the putative class members were done intentionally and willfully.

## V. FACTS CONCERNING PLAINTIFF CLASS REPRESENTATIVE

25. Sometime prior to November 1, 2016, TESCH allegedly incurred financial obligations to Tuscan Shores Apartment. Tuscan is considered a Creditor under 15 U.S.C. Sec. 1692a (4).

26. Prior to Defendant LIW's involvement in the debt, the Tuscan obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. Due to financial hardship, Ms. Tesch was unable to pay the debt and was alleged to be in default on the debt. Ms. Tesch filed for bankruptcy and the debt was discharged. **Please see Exhibit 2**.

28. The alleged obligation is a "debt" as defined by 15 U.S.C. Sec. 1692a (5).

29. TESCH is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. Sec. 1692a (3).

30. TESCH is informed and believes, and on that basis alleges, that sometime prior to November 1, 2016, the Creditor of the Obligations either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to LIW for collection.

31. LIW collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet (www.LIWlliott.com).

32. LIW is a "debt collector" as defined by 15 U.S.C. Sec. 1692a (6).

33. On or about November 1, 2016, LIW mailed a debt collection letter for the client creditor, which TESCH received in the ordinary course of mail. **Please see Exhibit 1**.

34. The subject letters were sent, or caused to be sent, by persons employed by LIW as a "debt collector" defined by 15 U.S.C. Sec. 1692a (6). The letter was signed by LIW's attorney, George A. Leikin (P16534).

35. The letter was sent to TESCH in connection with the collection of a "debt" as defined by 15 U.S.C. Sec. 1692a (5). Please see **Exhibit 1**.

36. The 9/03/2014 letter is a "communication" as defined by 15 U.S.C. Sec. 1692a(2).

37. On information and belief, the letters are computer-generated form letter that is prepared by LIW and sent to consumers like TESCH or the Class Members from whom it is attempting to collect a debt.

38. In the Letter sent to TESCH and the Class, LIW states:

> **CHRISTINE M. TESCH**         6-375900DL
>
> Re: TUSCAN SHORES APARTMENT, A MICH. LIMITED LIABILITY CO.
>   Past Due Amount: $840.00
>   Our File Number 6-375900
>
> **DEAR MS. TESCH:**
>
> This office has been retained in connection with the above matter to obtain payment. Kindly pay this account or contact me regarding your intentions to dispose of this matter.
>
> Your payment payable to TUSCAN SHORES APARTMENT, A MICH. LIMITED LIABILITY CO. should be mailed to my attention at the address set forth above.
>
> This debt will be assumed to be valid, by the debt collector, unless you dispute the validity of the debt or any portion thereof, within 30 days after you receive this letter. If you notify this office within said 30 day period that you dispute all or any portion of the debt, I will then obtain verification of the indebtedness and forward a copy of such verification to you. Any information which you may provide to this office will be used to recover this indebtedness or resolve the matter as the case may be.
>
> If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If I do not hear from you, it will be assumed that you do not intend to settle this account voluntarily and appropriate action will be taken.
>
> This communication, from a firm that is a debt collector, is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Very truly yours,
>
> George A. Lekin (P46534)

**Please see Exhibit 1**.

39.    Subsection (a)(4) requires that the debt collector notify the debtor that if they seek to dispute the debt or seek verification of the debt, the verification must be requested **in writing**. In its letter to Michigan Consumers at **Exhibit 1**, LIW fails to inform TESCH and the Class Members that are required to dispute the debt *in writing* when obtaining verification under 15 U.S.C. Sec. 1692g(a)(4).

40. Defendant seeks to limit the writing requirement to the paragraph under Sec. 1692g(a)(5) that states:

> **If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

41. Defendant is not following the "in writing" mandates of Sec. 1692g(a)(4) by not including the "in writing" requirements in the following paragraph:

> This debt will be assumed to be valid, by the debt collector, unless you dispute the validity of the debt or any portion thereof, within 30 days after you receive this letter. If you notify this office within said 30 day period that you dispute all or any portion of the debt, I will then obtain verification of the indebtedness and forward a copy of such verification to you. Any information which you may provide to this office will be used to recover this indebtedness or resolve the matter as the case may be.

42. To save money that would be spent on responding to a consumer seeking verification, the letter was purposely written by LIW so that the least sophisticated consumer like TESCH and the Class Members were not advised that Federal law requires they seek *written* confirmation to obtain verification that they owe the debt or that LIW had the right to collect on the debt.

43. As is the case here where LIW is not requiring TESCH and the Class Members to write their dispute or verification request, LIW initial communication induces the consumer to purposely waive their rights to seek verification by failing to make the request in writing, as required. *Miller v. Payco-General American Credits, Inc.*, supra, 943 F.2d 482 (4th Cir. 1991); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 726 (D. Conn. 1990); *Flowers v. Accelerated Bureau of Collections*, 96 C 4003, 1997 U.S.Dist. LEXIS 3354, 1997 WL 136313 (N.D.Ill. Mar 19, 1997). Contra, *Terran v. Kaplan*, supra. "A consumer calling the defendant would not be exercising her validation rights and would not be entitled to the statutory cessation of debt collection activities." *Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1412 (D. Conn. 1990).

44. On information and belief, the statements contained in LIW's letter at **Exhibit 1** constitutes an attempt by LIW to prevent Class Members exercising their dispute and validation rights under the FDCPA at 15 U.S.C. Sec. 1692g and RCPA at M.C.L. § 445.252(f)(ii).

45. Under the Act, notice of the thirty-day validation period is necessary, but not sufficient to satisfy § 1692g(a). A debt collector must "effectively convey" the notice to the debtor. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9thCir.1988). This Court uses the "least sophisticated debtor" standard to determine whether a communication "effectively conveys" notice of the thirty-day validation period for purposes of § 1692g. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir.1992). *Smith v. Computer Credit Inc* 167 F3d 1052, 1054 (6th Cir. 1999).

46. LIW is well aware of its legal duty under the FDCPA to provide consumers notice that under Subsection (a)(4) and Subsection (a)(5), dispute and verification of the debt and proof of the original creditor is required to be in writing to be effective. **Please see attached letters at Exhibit 3 written by LIW providing the consumer instructions to dispute in writing that follow the FDCPA's writing requirement**.

47. Further, by hiding the fact that the Consumer's dispute and verification must be in writing, the letter is crafted to also eliminate TESCH and the Class Member's right to have a debt collector cease collection activities under Subsection (b) which states:

> **(b) Disputed debts**
>
> If the consumer *notifies the debt collector in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains*

***verification of the debt or a copy of a judgment,*** or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

48. By having the consumer not seek verification in writing, LIW can continue to collect on the debt and avoid the delay and expense of having to follow the law under 15 U.S.C. Sec. 1692g(a)(4).

49. Defendant's violations with respect to its written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e;

b. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. Sec. 1692e(10);

c. Failing to properly disclose to the Plaintiff and Plaintiff class members that their right to seek verification or dispute of the debt must be in writing to be effective under the law in violation of 15 U.S.C. Sec. 1692g(a)(4).

d. Overshadowing the validation and dispute rights of the Plaintiff under 15 U.S.C. Sec. 1692g(a)(4), and 15 U.S.C. Sec. 1692g(b).

50. The FDCPA states in part, "Its purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

51. Defendant, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage

of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

52.  The acts and omissions of Defendant done in connection with efforts to collect the alleged debts from Ms. TESCH and the putative class members were done intentionally and willfully in violation of the FDCPA and MCPA.

53.  Ms. Tesch assumed she was free from the terror of collection calls and letters after entering bankruptcy protection. Defendant LIW's further collection of a discharged debt and in a way in violation of the FDCPA and RCPA has caused her to suffer emotional damages and financial damages and fear as a direct result of the wrongful actions of Defendant as outlined above and in **Exhibit 2**.

## VI.   CLASS ALLEGATIONS

54.  This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55.  With respect to the Plaintiff FDCPA Class, this claim is brought on behalf of a class of (a) all persons in this District in the State of Michigan (b) to whom Defendant sent a written communication in the form attached as **Exhibit 1** (c) in connection with Defendant's attempt to collect a debt (d) which written communications violate the FDCPA (e) during a period beginning one year prior to the filing of this action and ending upon the service of this amended complaint.

56.  With respect to the Plaintiff RCPA Class, this claim is brought on behalf of a class of (a) all persons in this District in the State of Michigan (b) to whom Defendant sent a written communication in the form attached as **Exhibit 1** (c) in connection with Defendant's attempt to

collect a debt (d) which written communications violate the RCPA (e) during a period beginning four years prior to the filing of this action and ending upon the service of this amended complaint.

57. The identities of all class members are readily ascertainable from the records of LIW and the Creditor they collect for. Their attorney Dan Manion signs the letters so LIW knows who has been sent the letters given his meaningful involvement.

58. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

59. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as **Exhibit 1**, violates 15 U.S.C. Secs. 1692e, 1692e (10), 1692g (4), 15 U.S.C. Sec. 1692g(b) and M.C.L. § 445.252(q), (a), (f) and (e). Plaintiff seeks Equitable Relief under the RCPA to enjoin Defendant from using the letter in the form on **Exhibit 1**.

60. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

61. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and numerous class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical; and

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as **Exhibit 1**, violate the FDCPA and RCPA; and

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein; and

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit; and

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

f.      Whether LIW's form letter made misrepresentations and violated the FDCPA and RCPA.

63.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for LIW, which, on information and belief, collects debts throughout the United States of America.

64.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed.R.Civ.P. 23(c)(4).

## VII.   FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST DEFENDANT LIW)

66.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

67.     Defendant violated the FDCPA. Defendant's violations with respect to its written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a.      Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e;

b.      Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. Sec. 1692e(10);

c.      Failing to properly disclose the "in writing" requirement of 15 U.S.C. Sec. 1692g(a)(4) and 1692e; and

d.      Overshadowing the validation and dispute rights of the Plaintiff under 15 U.S.C. Sec. 1692g(a)(4) and (b) by eliminating the "in writing" requirement in **Exhibit 1**.

e.      Eliminating the requirement that a debt collector cease any and all collection activities under 15 U.S.C. Sec. 1692g(b) in **Exhibit 1**.

Wherefore, Plaintiff seeks judgment against Defendant for:

a.      Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.      Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.      Such further relief as the court deems just and proper.

### Count 2- Regulation of Collection Practices Act

68.     Plaintiff incorporates the foregoing paragraphs by reference.

69.     Defendants have violated the RCPA. Specifically:

a. Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt with the use of **Exhibit 1**; and

b. Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor by using **Exhibit 1**; and

c. Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by using **Exhibit 1**; and

d. Defendants violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive manner with **Exhibit 1**.

**Wherefore**, Plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), and without regards to defendant's net worth;

c. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

Dated: November 29, 2016

/s/ Brian P. Parker
Law Offices of Brian P. Parker, P.C.
Attorney for Plaintiff